UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAULIIFOU TONISE,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 14-6063-KLS<br><br>MEMORANDUM OPINION AND<br>ORDER |

## I.   INTRODUCTION

Plaintiff Lauliifou Tonise ("Plaintiff") filed a Complaint on August 6, 2014, seeking review of the denial of plaintiff's application for disability insurance benefits ("DIB").  On July 24, 2015, the parties filed a Joint Stipulation ("Joint Stip.") in which plaintiff seeks an order reversing the Commissioner's decision, and either remanding the matter for the payment of benefits, or for further proceedings to correct the alleged error.  (Joint Stip. at 12-13, 18.)   The Commissioner requests that the ALJ's decision be affirmed or, in the alternative, that the case be remanded for further proceedings.  (*Id*. at 19-22.)  On August 19 and September 8, 2015, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed

before the undersigned United States Magistrate Judge.  (Dkt. Nos. 23 & 24.)  The Court has taken the matter under submission without oral argument.

## II.    SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On September 22, 2011, Plaintiff protectively filed a claim for a period of disability and DIB.  (Administrative Record ("A.R.") 25.)  Plaintiff alleged disability commencing May 31, 2011, due to diabetes-related numbness in her legs, and arthritis.  (A.R. 125; *see also id.* 132-34 (complaining of numbing in fingers and legs, as well as increased fatigue, due to worsening diabetes).)  Plaintiff had previously worked as a babysitter, cashier, hotel clerk and payroll secretary clerk.  (*Id.* 30, 126.)  The Commissioner denied Plaintiff's application initially (A.R. 68-72) and on reconsideration (*id.* 76-81).  On March 22, 2012, Plaintiff requested a hearing.  (*Id.* 82.)  On February 7, 2013, Plaintiff, who was represented by counsel, testified before Administrative Law Judge Edward C. Graham ("ALJ").  (*Id.* 38.)  Alan Cummings, a vocational expert ("VE"), also testified.  (*Id.* 46-47.)  On February 13, 2013, the ALJ issued an unfavorable decision, denying Plaintiff's claim for DIB.  (*Id.* 22-31.)  On May 29, 2014, the Appeals Council denied plaintiff's request for review.  (*Id.* 1-3.)

## III.    SUMMARY OF ADMINISTRATIVE DECISION

Applying the five step sequential evaluation process established under by the Social Security Administration for determining whether an individual is disabled (20 C.F.R. 404.1520(a)), the ALJ found that:

(1) Plaintiff met the insured status requirements of the Social Security Act through December 31, 2005;

(2) Plaintiff had not engaged in substantial gainful activity from the alleged onset date of May 31, 2011  (A.R. 27);

(3) Plaintiff had the following severe impairments:  "diabetes mellitus, obesity and hypertension"  which have caused limitations (*id.*);

(4) Plaintiff did not have an impairment or combination of impairments that met or

2

medically equaled the severity of one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).  (*Id*); and

(5) Plaintiff had the residual functional capacity ("RFC") to perform light to medium unskilled work, and that plaintiff "is able to lift or carry 25 lb[s] frequently and 50 lb[s] occasionally, sit, stand and walk about 6 hours in an 8-hour workday." (A.R. 27.)

The ALJ found that plaintiff was unable to perform her past relevant work as a hotel clerk and secretary payroll clerk, as those positions were "semi-skilled," and plaintiff was "limited to unskilled work . . . ." (A.R. 30.)  Nevertheless, the ALJ found that considering plaintiff's age, education, work experience, and RFC, "there are jobs that exist in significant numbers in the national economy that [plaintiff] cab perform." (*Id*.)  Accordingly, the ALJ found that plaintiff was not disabled.  (*Id*. 30-31.)  In concluding that Plaintiff was not disabled, the ALJ found Plaintiff's testimony regarding the limitations caused by symptoms of diabetic neuropathy, not credible where the testimony of treating and examining physicians noted that Plaintiff failed to comply with prescribed medical treatment. (A.R. at 29-30.)  On review, the sole disputed issue is whether the ALJ properly considered Plaintiff's testimony (Joint Stip. at 4.)

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).  "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."

*Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

This Court cannot substitute its discretion for that of the Commissioner, but the Court must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted); *Desrosiers v. Sec'y of Health and Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn,* 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

## V.   THE ALJ'S CREDIBILITY FINDINGS ARE SUPPORTED BY SUBSTANTIAL EVIDENCE IN THE RECORD

### A. PLAINTIFF'S TESTIMONY

Plaintiff's sole contention is that the ALJ improperly evaluated the credibility of her testimony and failed to articulate clear and convincing reasons for rejecting it. (Joint Stip. at 4-5.) In her November 13, 2011 Disability Report, Plaintiff stated that numbness and pain in her fingers and legs was worsening and that she was unable to "do my normal work as before." (A.R. 132.) Plaintiff also stated that she had stopped cooking, and could only do a "little cleaning" because she was "always tired[] and weak." (*Id.*) She explained that, when cleaning house, she was able to move chairs, but her daughter had to lift and move heavier furniture for her. (*Id.* 133.)

She also complained of shortness of breath when she climbed stairs. (*Id.*) When doing light housework, plaintiff sometimes had to lie down or sit near an electric fan to catch her breath. (*Id.* 134.) Plaintiff also stated that she had stopped driving because her legs

4

"don't feel anything . . . most of the time," and more generally because of the "numbness [in] my legs and my fingers." (*Id.*) She had also begun using a crutch to help her stand from a sitting position. (*Id.*) Plaintiff expressed her desire to do her "usual chore[s]" and "go to work," but felt her condition was "out of control" and it made her unhappy. (*Id.*)

At the February 7, 2013 hearing, plaintiff testified that she was fifty-two years old, with diabetes that caused numbness in her feet and hands. (A.R. 39-40.) She also testified that she experienced a burning sensation in her legs, which made it difficult to stand and walk. (*Id.* 40.) The numbness in her feet was so strong that she could not wear sandals because she was unaware if one came off. (*Id.* 41.) The numbness in her hands caused her to occasionally drop glasses and plates of food. (*Id.* 41-42.) She also had trouble signing her name. (*Id.* 42-43.) Additionally, Plaintiff testified that she was taking her prescribed medications as she should, but still experienced the symptoms. (*Id.* 41.)

## B.  THE ALJ'S CREDIBILITY FINDING IS WITHOUT LEGAL ERROR

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). "In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "If the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear and convincing reasons' for the rejection." *Id.* (quoting *Vasquez,* 572 F.3d at 591). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834

(9th Cir. 1996).  The ALJ's finding must be supported by specific, cogent reasons. *Id.* (quoting *Rashad v. Sullivan*, 903 F.2d 1229, 1231(9th Cir. 1990)).

"The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.  If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quoting *Tommassetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)).

Here, the ALJ found that plaintiff presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the symptoms alleged and found no evidence of malingering. (*See generally* A.R. 28-29.)  Plaintiff argues that the ALJ did not give clear and convincing reasons for discounting her testimony. (Joint Stip. 5.) However, the ALJ also found that plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible . . . ." (*Id.* 28.)

Specifically, the ALJ found that Plaintiff was not credible because, while she complained of disabling pain and numbness due to her diabetes, the record showed that Plaintiff had repeatedly failed to follow her prescribed diabetic treatment regimen. (A.R. 28-29.)   Here the record fully supports the ALJ's findings where Plaintiff contradicted her own testimony that she was taking her medications as she should, when she admitted she took her diabetic medication "off and on only." (*Id.* 28, 173).

Moreover, the record contains numerous uncontradicted statements regarding Plaintiff noncompliance with her diabetic treatment regimen: (1) Plaintiff's treating physician indicated that her diabetes and lipids "are poorly controlled . . . due to noncompliance with meds and dietary instructions" (A.R. 28, 176); (2) Plaintiff "had been referred to Podiatry twice, but did not follow through with the referral" (*id.* 28); (3) even after being warned that her diabetes was worsening due to her non-compliance, she was "set against starting insulin"

(*id.* 28, 297); (4) treating physician, Juan Polanco, stated, "I am strongly recommending to the patient that she needs to have better diabetic control, especially diet.   The patient otherwise is in stable condition" (*id.* 28, 276); (5) treating physician Betty Fletcher, noted that Plaintiff's 'neuropathy was increasing due to poor compliance by the claimant, "as all she wanted was Vicodin."   (*id.* 29, and *see* 334, 344); (6) by September 2011, plaintiff's symptoms of neuropathy were increasing due to her noncompliance with treatment, and diabetic shoes were prescribed (*id.* 29, 330-331); (7) plaintiff resisted attempts to schedule appointments to examine her feet (*id.* 28, 334); and (8) in Progress Notes following a November 4, 2011 exam, treating physician, Melissa D. Moseberry, noted that "Patient is very non-compliant." (*id.* 29, 367.)

Where, as here, "a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated." *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007); *cf.* 20 C.F.R. § 404.1530(a) & (b) ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work. . . . If you do not follow the prescribed treatment without a good reason, we will not find you disabled or, if you are already receiving benefits, we will stop paying you benefits."). "[S]*uch failure may be probative of credibility*, because a person's normal reaction is to seek relief from pain, and because modern medicine is often successful in providing some relief." *Orn,* 495 F.3d at 638 (emphasis added).   Accordingly, the ALJ's stated reason for discounting Plaintiff's credibility is cogent, specific and supported by substantial evidence in the record.

Plaintiff also argues that the ALJ faulted her for failing to lose weight through dietary compliance (Joint Stip. 10) and cites *Orn* for the proposition that "the failure to follow treatment for obesity tells us little or nothing about a claimant's credibility." *Orn*, 495 F.3d at 638.  Plaintiff's argument is unavailing.  As noted  above, the ALJ's analysis of Plaintiff's credibility focused on Plaintiff's noncompliance with her diabetes treatment, including her failure to take prescribed medication, resistance to starting insulin, and evasion of doctor's

7

appointments (A.R. 28-29).   Indeed, the ALJ determined that Plaintiff's "obesity and hypertension are not disabling." (*Id.* 29.)

## VI.   CONCLUSION

For the reasons stated above, the Court finds that the Commissioner's decision is supported by substantial evidence and free from material legal error.  Neither reversal of the ALJ's decision nor remand is warranted.

Accordingly, IT IS ORDERED that Judgment shall be entered affirming the decision of the Commissioner of the Social Security Administration.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 9, 2015

Karen L. Stevenson
United States Magistrate Judge